IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MICHAEL PERRY MUHAMMAD                                                               PLAINTIFF

v.                                              Civil No. 6:21-CV-06096-SOH-BAB

NURSE MONROE, *et. al.*                                                              DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Defendants' Motion for Summary Judgment. (ECF No. 45). Also before the Court is Plaintiff's failure to obey two Court Orders and failure to prosecute this case.

**I. BACKGROUND**

Plaintiff filed his Complaint on June 4, 2021, alleging he was denied medical care for his leg over a period of approximately two months while incarcerated in the Arkansas Division of Correction ("ADC") Ouachita River Unit. (ECF No. 1).

On April 26, 2022, Defendants filed their Motion for Summary Judgment. (ECF No. 45). On April 27, 2022, the Court granted in part and denied in part two pending discovery motions by Plaintiff. (ECF No. 48). In this Order, the Court directed Defendants to provide and/or take color photographs of Plaintiff's leg, and provide a copy of his most recent CT scan and the written interpretation of that scan from the National Park Medical Service. (*Id.*). On May 5, 2022, Defendants filed a Notice that these discovery items had been provided to Plaintiff. (ECF No. 49). Plaintiff then filed a Motion to Compel (ECF No. 50), and a "Motion to Hold Summary Judgment

1

Motion in Abeyance" until the discovery motion was decided. (ECF No. 51). Defendants filed their Response on May 20, 2022. (ECF No. 52). On May 24, 2022, the Court entered Orders denying both of Plaintiff's Motions, noting that the Motion to Compel was both untimely and requested discovery items already discussed and denied. (ECF Nos. 53, 54).

On June 2, 2022, the Court entered an Order directing Plaintiff to submit his Summary Judgment Response by June 23, 2022. (ECF No. 55). Plaintiff was advised that failure to timely and properly comply with the Order would result in either Defendants' facts being deemed admitted pursuant to Local Rule 56.1(c) or in the dismissal of his case pursuant to Local Rule 5.5(c)(2). (*Id*.). On June 2, 2022, Plaintiff filed a Motion to Stay Summary Judgment, arguing that Defendants failed to timely disclose their expert witness. (ECF No. 56). This motion was denied on August 22, 2022. (ECF No. 58). On June 16, 2022, Plaintiff filed a Motion for Extension of Time to File his Summary Judgment Response. (ECF No. 57). This Motion was granted on August 22, 2022, and Plaintiff was given until September 29, 2022, to file his Response. (ECF No. 59).

When Plaintiff failed to file his Summary Judgment Response, the Court entered a Show Cause Order on November 3, 2022. (ECF No. 60). Plaintiff was given until November 25, 2022, to show cause for his failure to submit his Response. (*Id*.) Plaintiff was again advised that failure to respond by the deadline would result in the dismissal of his case. (*Id*.). This Order was not returned as undeliverable.

To date, Plaintiff has failed to provide his Summary Judgment Response or his Show Cause Response, and has not otherwise communicated with the Court. He last filed a document with this Court on June 16, 2022. (ECF No. 57).

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.  ANALYSIS

Plaintiff has failed to comply with two Court Orders. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WIHTOUT PREJUDICE for failure to comply with the Court's Local Rules and Orders and failure

to prosecute this case. It is further recommended that Defendants' Motion for Summary Judgment. (ECF No. 45) be DENIED as MOOT.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **29th day of November 2022**.

/s/ *Barry A. Bryant*
─────────────────────────────
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE